IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KIMBERLY YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 18-cv-2481-KHV-TJJ |
| | ) | |
| PHYSICIAN OFFICE PARTNERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

Plaintiff requests the Court amend the Scheduling Order to extend the discovery deadline in this case so she can complete the deposition of Defendant's corporate representative (ECF No. 40). Plaintiff argues Defendant's corporate representative was unprepared to testify about a number of topics contained in Plaintiff's Second Amended Notice of Fed. R. Civ. P. 30(b)(6) Deposition for Physician Office Partners, Inc. (ECF No. 38). Defendant opposes the motion, arguing it made a reasonable effort to prepare its corporate representative and Plaintiff has enough to build her case and respond to its defenses through the discovery that has been completed (ECF No. 42). For the reasons discussed below, the Court grants Plaintiff's motion in part and extends the discovery deadline to September 20, 2019 solely for the purpose of allowing Plaintiff to complete the deposition of Defendant's corporate representative.

On August 8, 2019, Plaintiff deposed Defendant's corporate representative, Kathleen Needleman. Plaintiff had previously filed her Second Amended Notice of Fed. R. Civ. P. 30(b)(6) Deposition for Physician Office Partners, Inc. on July 31, 2019. Defendant did not object to Plaintiff's notice.

Federal Rule of Civil Procedure 30(b)(6) provides that a corporate entity must designate one or more officers, directors, or managing agents or designate other persons who consent to

testify on its behalf, to testify about information known or reasonably available to the organization. In her Reply (ECF No. 46), Plaintiff includes portions of Ms. Needleman's deposition testimony showing Ms. Needleman's inability to answer several questions. At one point, counsel for Plaintiff asked what the net worth for Physician Office Partners, Inc. and Envision was for 2017 and 2018, to which Ms. Needleman answered, "I have no idea, to give you an honest answer."[1] Plaintiff's counsel then directed Ms. Needleman's attention to Topic No. 34 of the deposition notice, which states, "Defendant's net worth for 2017 and 2018."[2] After Plaintiff's counsel asked Ms. Needleman if she was aware that she was the person the company designated "to know all of this stuff," Ms. Needleman stated, "I'll be honest with you, I didn't know I had to know the net worth."[3] Defendant acknowledges Ms. Needleman was unable to answer Topic No. 34 as well as Topic No. 35, which was Defendant's gross income for 2017 and 2018.[4] But it claims Ms. Needleman "was able to speak to the majority of the 35 designated topics" and "all of the topics except for Nos. 34 and 35 were also addressed" during the depositions of two other witnesses and in Defendant's responses to Plaintiff's First Set of Interrogatories.[5]

    Defendant argues it made a reasonable effort to prepare Ms. Needleman because she met with counsel, reviewed "several hundred" documents, and talked to other witnesses who had personal knowledge of Plaintiff's claims.[6] And it argues that much of the information Plaintiff sought had already been obtained from the depositions of other witnesses or from Defendant's

---

[1] ECF No. 46 at 2.

[2] *See* ECF No. 38 at 6.

[3] ECF No. 46 at 2.

[4] ECF No. 42 at 3.

[5] *Id.* at 4.

[6] *Id.*

responses to Plaintiff's discovery requests. But one of the witnesses mentioned in Defendant's response, Lauren Hidaka, who was Plaintiff's direct supervisor, testified that she "wasn't involved in the decisions for how much" her team members got paid, "would not recommend anything" regarding their pay to HR, and "had nothing to do with how much they made ever."[7] Further, Ms. Hidaka testified she was unaware of Plaintiff's complaints of racial discrimination.[8] Deb Taylor, vice president of HR testified she did not recall whether she consulted anyone about the differences in pay between two positions after Ms. Hidaka informed Ms. Taylor about Plaintiff's complaints, and she never had any discussions with Plaintiff about her concerns regarding pay differences.[9] Ms. Taylor also testified she could not recall how she came to know of Plaintiff's complaints about racial discrimination and she did not address the claim of racial discrimination with Plaintiff.[10] And, despite testifying that it was part of her job duties to investigate charges of discrimination,[11] Ms. Taylor did not interview any witnesses, including Plaintiff, in response to Plaintiff's discrimination complaint or talk to Ms. Hidaka, Plaintiff's direct supervisor, about the discrimination complaint.[12] Ms. Taylor also testified she relied on guidelines to determine pay rates for each position and if the guideline "seemed too high," she would consult with Rob Davey, president of the company.[13]

It appears to the Court that the two witnesses Defendant relies on in arguing Plaintiff obtained all the information she requested in fact did not provide sufficient answers with regard

---

[7] ECF No. 42-1 at 11.

[8] *See, e.g.*, ECF No. 42-1 at 26–27.

[9] ECF No. 42-2 at 14.

[10] *See, e.g.*, ECF No. 42-2 at 17.

[11] ECF No. 42-2 at 7.

[12] *Id.* at 19.

[13] *Id.* at 8–9.

3

to the topics at issue. Even if they did, as Plaintiff contends, a party is entitled to elicit testimony from the corporation itself, regardless of testimony from other witnesses or discovery responses. "[C]ourts have consistently held that the fact that a company's employee was deposed under Rule 30(b)(1) does not insulate the company from producing the same—or another—individual as a corporate representative to give a Rule 30(b)(6) deposition. Indeed, Rule 30(b)(6) itself contemplates both individual and corporate depositions, stating '[t]his paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.'"[14] This is because the testimony of a corporation's employee, when taken in his or her individual capacity, does not bind a corporation, but the designated representative's testimony *is* binding on the corporation.[15] Additionally, Plaintiff's first and second amended 30(b)(6) deposition notices were filed *after* Ms. Taylor and Ms. Hidaka's depositions, but Defendant did not object to any of the topics as duplicitous or object for any other reason. Therefore, the Court will extend the discovery deadline to allow Plaintiff to depose either Ms. Needleman or the corporate representative of Defendant's choosing, so long as such corporate representative is sufficiently prepared to testify on behalf of Defendant to the topics Plaintiff has identified in its motion.

However, Plaintiff states Ms. Needleman failed to answer 13 of her 35 deposition topics, but Plaintiff does not identify specifically which 13 topics are at issue. It is clear Topic Nos. 34 and 35 were not answered, because Defendant has conceded as much. Plaintiff also states in her Reply that Topic Nos. 6, 11,[16] 18, 19, and 22 were not answered.[17] Therefore, Plaintiff may

---

[14] *In re Motor Fuel Temperature Sales Practices Litig.*, No. 07-MD-1840-KHV, 2009 WL 5064441, at *2 (D. Kan. Dec. 16, 2009).

[15] *Id.*

[16] ECF No. 46 at 3 nn.3–4.

[17] *Id.* at 3.

inquire as to only these topics in her follow-up deposition of Defendant's designated corporate representative. Such representative must be made available for a deposition at a place and time mutually agreeable to Plaintiff and Defendant no later than September 20, 2019.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Amend the Scheduling Order (ECF No. 40) is granted in part. The Court extends the discovery deadline to September 20, 2019, solely for the purpose of Plaintiff taking the deposition of Defendant's designated corporate representative, and orders Defendant to produce Ms. Needleman or another corporate representative for a deposition by that date.

**IT IS FURTHER ORDERED** that the Pretrial Conference scheduled for September 4, 2019, is rescheduled to September 27, 2019 at 10:00 a.m. by telephone. Participating counsel shall dial 1-888-363-4749 and enter access code 4901386 to join the conference.

**IT IS FURTHER ORDERED** that Plaintiff may inquire only as to Topic Nos. 6, 11, 18, 19, 22, 34, and 35 in her Second Amended Notice of Fed. R. Civ. P. 30(b)(6) Deposition for Physician Office Partners, Inc. (ECF No. 38) in the follow-up deposition of Defendant's designated corporate representative.

**IT IS SO ORDERED.**

Dated August 30, 2019, at Kansas City, Kansas.

*Teresa J. James*
Teresa J. James
U. S. Magistrate Judge