IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KIMBERLY YOUNG, )
)
                Plaintiff, )
)
v. ) Case No. 18-cv-2481-KHV-TJJ
)
PHYSICIAN OFFICE PARTNERS, INC., )
)
                Defendant. )

## **MEMORANDUM AND ORDER**

On August 13, 2019, the Court conducted a status conference at the parties' request regarding a discovery dispute over two of Plaintiff's Requests for Production of Documents (RFPD). After hearing argument from the parties, the Court directed the parties to continue to confer and attempt to resolve their disputes, and, if unable to do so, directed Plaintiff to file a motion to compel.[1] On August 19, 2019, Plaintiff filed her Motion to Compel and Suggestions in Support (ECF No. 43). The motion is now fully briefed,[2] and the Court is ready to rule. For the reasons discussed below, the Court grants the motion.

The two discovery requests at issue seek documents reflecting the race, starting rate of pay and job title of each individual hired at Defendant Physician Office Partners, Inc.'s Overland Park facility between January 1, 2014 and January 1, 2019.[3] Defendant objects to the requests as

---

[1] *See* ECF No. 41.

[2] At the August 13, 2019 status conference, the Court ordered a modified briefing schedule pursuant to which Plaintiff's motion was due August 19, 2019 and Defendant's response was due August 23, 2019. The Court indicated that "Plaintiff need not file a reply," but if she chose to do so, her reply would be due August 28, 2019. Defendant filed its response on August 23, 2019 (ECF No. 45). Plaintiff did not file a reply per the Court's guidance.

[3] ECF No. 43 at 2. As noted in Plaintiff's motion, the requests initially sought documents reflecting the race and compensation history of everyone employed at Physician Office Partners, Inc. from January 1, 2014 to the present. *See id.* n.2. However, Plaintiff agreed to narrow these requests after the August 13, 2019 status conference. Defendant maintains its objections notwithstanding the narrowed requests.

overbroad, unduly burdensome, not properly limited in time and/or scope, and irrelevant. As to RFPD No. 7, which seeks the compensation history of individuals hired at Defendant's Overland Park facility from January 1, 2014 to January 1, 2019, Defendant also objects to the request as vague and ambiguous. But, Defendant agreed to "produce documents sufficient to show the compensation history (starting pay rates and any increases or decreases) for each individual who worked in the Quality Assurance/Quality Reporting Departments at any time from August 2016 to the present."[4] The Court considers each objection in turn below.

1. **Relevance**

"'Discovery relevance is minimal relevance,' which means it is possible and reasonably calculated that the request will lead to the discovery of admissible evidence.'"[5] At the discovery stage, relevance is broadly construed.[6] Relevant information is "any matter that bears on, or that reasonably could lead to other matter that could bear on" any party's claim or defense.[7]

"When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure."[8] When the discovery sought is "overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the

---

[4] ECF No. 43-1 at 4.

[5] *Stonebarger v. Union Pac. R.R. Co.*, No. 13-2137-JAR-TJJ, 2015 WL 64980, at *3 (D. Kan. Jan. 5, 2015) (quoting *Teichgraeber v. Mem'l Union Corp. of Emporia St. Univ.*, 932 F. Supp. 1263, 1265 (D. Kan. 1996) (internal citation omitted)).

[6] *Id.*

[7] *Rowan v. Sunflower Elec. Power Corp.*, No. 15-cv-9227-JWL-TJJ, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

[8] *Gen. Elec. Cap. Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2003).

burden to show the relevancy of the request."[9] Relevancy is determined on a case-by-case basis.[10]

The Court finds that the requests at issue appear relevant on their face, which puts the burden on Defendant to establish the lack of relevancy. Defendant's main argument seems to be that only requests limited to the unit in which Plaintiff worked are relevant.[11] Defendant argues discovery may be expanded from Plaintiff's unit only if she can show a particularized need for it, which Defendant argues Plaintiff has failed to do because her allegations stem only from her work unit, and not the centralized Human Resources Department. Plaintiff argues the requests are relevant as to Defendant's discriminatory motive.

In support of her position, Plaintiff submitted a document listing 18 employees of Defendant, their hire date, job title, age, ethnicity, and pay rate.[12] Some of the disagreement between the parties stems from the difference, or lack thereof, between the job titles Data Abstractor I and Data Abstractor II. Plaintiff argues employees performed the same job duties at the time in issue regardless of whether they were classified as a Data Abstractor I or Data Abstractor II. Defendant contends the job duties were different at the relevant time and this is part of the reason for the pay disparity between the positions, but it offers no further explanation or support for its contention. The document shows that generally, employees classified as Data Abstractor II were paid more than employees classified as Data Abstractor I. Of the eight employees classified as Data Abstractor II, only one is African American, whereas five of the seven employees classified as Data Abstractor I are African American, including Plaintiff. Of the

---

[9] *Id.*

[10] *Rowan*, 2016 WL 3745680, at *2.

[11] *See* ECF No. 45 at 7.

[12] ECF No. 44 at 1.

Data Abstractor I and Data Abstractor II employees, two of the white employees were paid $20 per hour, but none of the African American employees were paid more than $18.50 per hour. Thus, the evidence that has been provided to the Court is ambiguous and does not seem to support Defendant's position that the requested information is irrelevant. In fact, this ambiguity alone supports the position that further discovery on this issue is warranted.

The Court agrees with Plaintiff that the disputed requests are relevant. In *Johnson v. Kraft Foods N. Am., Inc.*,[13] the Court found a request seeking "all documents concerning or pertaining to all employees demoted within the Kraft Sales Organization in the Kansas City region during the Relevant Time Period . . ." to be relevant, specifically as to the plaintiffs' claims of unequal treatment, failure to promote, and patterns of discriminatory conduct.[14] The plaintiffs in that case were sales representatives, and the defendant argued only sales representatives were similarly situated to the plaintiffs, and not others within the Kraft Sales Organization such as sales managers and support staff. But the court allowed discovery regarding all demoted employees in the Kraft Sales Organization. Likewise, the Court finds Plaintiff's requests here to be relevant to her claims of unequal treatment, failure to promote, and other patterns of allegedly discriminatory conduct by Defendant.

Plaintiff also argues the requests are relevant because of Defendant's centralized Human Resources Department. Defendant contends Plaintiff has not alleged company-wide discrimination and cannot make a particularized showing of the need for company-wide discovery. Defendant seeks to distinguish this case from a case cited by Plaintiff—*Rich v. Martin Marietta Corp.*[15] In that case, the Tenth Circuit found "[i]nformation relevant in an EEOC action

---

[13] 238 F.R.D. 648 (D. Kan. 2006).

[14] *Id.* at 660.

[15] 522 F.2d 333 (10th Cir. 1975).

is equally relevant in a private action."[16] Additionally, it found the "plaintiffs' requested information as to hiring, firing, promotion and demotion of blacks, Hispanos and women on a plant-wide basis and within individual departments was relevant in either an individual or class action."[17] Defendant argues *Rich* is distinguishable from this case because there, the defendants were using company-wide statistics to defend their case but had denied the plaintiffs access to those company-wide statistics.[18] Although it is true that the defendants in *Rich* denied the plaintiffs' discovery requests seeking company-wide statistics and then used company-wide statistics at trial, there is no indication that was the sole reason for the Tenth Circuit's decision. In fact, the Tenth Circuit discussed several other cases supporting the proposition that discovery outside the plaintiff's unit was relevant, and noted, "It cannot be said, therefore, that the policy of this court has been to narrowly circumscribe discovery in EEOC cases. The fact that these cases had to do with discovery efforts by the EEOC itself rather than by individuals cannot serve as a point of departure."[19]

Here, the Court finds the Plaintiff has shown a need for discovery outside that of only her unit. The deposition testimony of Plaintiff's supervisor, Lauren Hidaka, indicates Defendant's Human Resources Department establishes an employee's rate of pay, and that Ms. Hidaka was not involved in determining pay at all.[20] This supports Plaintiff's position that facility-wide race and pay information is relevant because of the Human Resources Department's centralized role

---

[16] *Id.* at 344.

[17] *Id.*

[18] ECF No. 45 at 9.

[19] *Rich*, 522 F.2d at 344 (citing, *e.g.*, *Joslin Dry Goods Co. v. EEOC*, 483 F.2d 178 (10th Cir. 1973); *EEOC v. Univ. of N.M.*, 504 F.2d 1296 (10th Cir. 1974); *Circle K. Corp., Inc. v. EEOC*, 501 F.2d 1052 (10th Cir. 1974)).

[20] *See* ECF No. 43-2 at 2.

in determining an employee's pay. Therefore, Defendant's objections as to relevance are overruled.

2. **Overbroad and Unduly Burdensome**

Defendant's main objection seems to be that the requests are overly broad and unduly burdensome. Unless the request is overly broad on its face, the party resisting discovery has the burden to support its objection.[21] A request is overly broad on its face "if it is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope."[22] A party asserting an objection that a request is unduly burdensome "has the burden to show facts justifying [its] objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome."[23] The objecting party must also show "the burden or expense is unreasonable in light of the benefits to be secured from the discovery."[24] Objections that discovery is unduly burdensome "must contain a factual basis for the claim, and the objecting party must usually provide 'an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request.'"[25]

Defendant argues it "would have to produce thousands of employee files" to comply with Plaintiff's request, and even if it did, the requested information would be "likely to produce misleading data" because the request does not ask for information such as an employee's work

---

[21] *Allianz Ins. Co. v. Surface Specialties, Inc.*, No. 03-2470-CM-DJW, 2005 WL 44534, at *2 (D. Kan. Jan. 7, 2005) (citing *McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 686 (D. Kan. 2000) (citations omitted)).

[22] *Stonebarger v. Union Pac. R.R. Co.*, No. 13-2137-JAR-TJJ, 2015 WL 64980, at *4 (D. Kan. Jan. 5, 2015) (quoting *Johnson v. Kraft Foods N. Am., Inc.*, 238 F.R.D. 648, 658–59 (D. Kan. 2006) (internal citations omitted)).

[23] *Id.* at *5 (quoting *Shoemake v. McCormick, Summers & Talarico II, LLC*, No. 10–2514–RDR, 2011 WL 5553652, at *3 (D. Kan. Nov. 15, 2011)).

[24] *Id.*

[25] *Id.*

experience and education level.[26] But Defendant fails to provide any support for its claim that it might have to produce "thousands" of employee files. Defendant did not provide an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery requests at issue. Nor did it include any factual basis for its objection. Instead, it simply makes the broad unsubstantiated estimate that the requests could require the production of data concerning "possibly thousands" of individuals.

During the August 13, 2019 status conference, counsel for Defendant indicated there were about 300 employees total in the time frame Plaintiff originally requested (January 1, 2014 to present), but there could be more because of turnover and the growth rate of Defendant during that period. Counsel also indicated Defendant's parent company has 20,000 employees. But Plaintiff's narrowed requests, which seek documents regarding only employees hired at Defendant's Overland Park facility and only until January 1, 2019, would exclude any employees of Defendant's parent company. Again, Defendant does not provide any factual support for its general assertion that "thousands" of files would have to be produced in response to Plaintiff's narrowed request.

Defendant further does not explain how Plaintiff's amended requests continue to be overly broad or unduly burdensome. The amended requests seek documents reflecting the race, starting rate of pay and job title of each individual hired at Defendant's Overland Park facility between January 1, 2014 and January 1, 2019. This amendment eliminates the requests for more than eight months of documentation—from January 1, 2019 to the present. The Court finds the revised requests to be sufficiently narrow. Defendant's response does not address how this reduced time frame affects the number of responsive employee files. Further, Defendant does not

---

[26] ECF No. 45 at 7.

provide any argument that the revised time frame Plaintiff suggests is unreasonable. And, as discussed, the Court finds employee records from units other than Plaintiff's to be relevant as to Plaintiff's claims of unequal treatment, failure to promote, and other patterns of allegedly discriminatory conduct by Defendant.

Because Defendant has not provided any more precise factual and evidentiary support for its claim that Plaintiff's requests are overly broad or unduly burdensome, and because the Court finds the requests are not overly broad or unduly burdensome on their face, Defendant's objections to the requests as overbroad and unduly burdensome are overruled.

### 3. Vague and Ambiguous

Additionally, Defendant argues RFPD No. 7 is vague and ambiguous. To succeed on a "vague and ambiguous" objection, Defendant "must show that more tools beyond mere reason and common sense are necessary to attribute ordinary definitions to terms and phrases utilized."[27]

Defendant does not explain what part of the request is vague or ambiguous, and nothing in the request appears vague or ambiguous to the Court. Additionally, Defendant followed its objection stating it would produce some documents "subject to and without waiving its objections,"[28] which is a conditional objection.[29] It is well settled in this district that "conditional answers are invalid and unsustainable."[30] Objections may not be reserved; they are either raised

---

[27] *Brecek & Young Advisors, Inc. v. Lloyds of London Syndicate 2003*, No. 09-cv-2516-JAR, 2011 WL 765882, at *2 (D. Kan. Feb. 25, 2011) (quoting *Moss v. Blue Cross & Blue Shield of Kan., Inc.*, 241 F.R.D. 683, 696 (D. Kan. 2007)).

[28] ECF No. 43-1 at 4.

[29] *U, Inc. v. ShipMate, Inc.*, No. 14-2287-JTM-TJJ, 2015 WL 3822731, at *3 (D. Kan. June 19, 2015).

[30] *Sprint Comm. Co., L.P. v. Comcast Cable Comm., LLC*, Nos. 11-2684-JWL, 11-2685-JWL, 11-2686-JWL, 2014 WL 545544, at *2 (D. Kan. Feb. 11, 2014).

or they are waived."³¹ This Court and others have held "whenever an answer accompanies an objection, the objection is deemed waived and the answer, if responsive, stands."³² Accordingly, the Court deems these objections waived and overrules them.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Compel and Suggestions in Support (ECF No. 43) is granted. Defendant shall supplement its responses to RFPD Nos. 6 and 7 as amended by Plaintiff within ten (10) days from the date of this order.

**IT IS SO ORDERED.**

Dated September 9, 2019, at Kansas City, Kansas.

/s/ Teresa J. James
Teresa J. James
U. S. Magistrate Judge

---

³¹ *Id.* at *3 (internal citations omitted).

³² *Id.* (internal quotations and citations omitted).