IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KIMBERLY YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 18-2481-KHV |
| PHYSICIAN OFFICE PARTNERS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion For Leave To File Under Seal (Doc. #55) filed October 1, 2019. For reasons stated below, the Court overrules defendant's motion.

To protect the privacy of nonparties, defendant asks the Court to seal Exhibits AA, KK, LL, MM, NN, OO and PP, which are performance reviews of employees in the Quality Reporting Department. Defendant bases its request on the protective order that U.S. Magistrate Judge Teresa J. James entered on February 5, 2019. Protective Order (Doc. #18).

Federal courts have long recognized a common-law right of access to judicial records. Mann v. Boatright, 477 F.3d 1140, 1149 (10th Cir. 2007). This right stems from the fundamental public interest in understanding disputes that are presented to a public forum for resolution. Crystal Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980). The public interest in judicial proceedings is intended to ensure that courts are fair and judges are honest. Id. In determining whether documents should be sealed, the Court weighs the public interest, which it presumes is paramount, against the interests advanced by the parties. Id.; Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011). Parties seeking to overcome the presumption of public access must show

that some significant interest which favors non-disclosure outweighs the public interest in access to court proceedings and documents.  See Mann, 477 F.3d at 1149; see also Colony Ins. Co. v. Burke, 698 F.3d 1222, 1241 (10th Cir. 2012).  The parties must articulate a real and substantial interest that justifies depriving the public of access to records that inform the Court's decision-making process.  See Colony Ins., 698 F.3d at 1241; see also Williams v. FedEx Corp. Servs., 849 F.3d 889, 905 (10th Cir. 2017).

Defendant asks the Court to seal the employee performance reviews because they are "confidential" under the protective order.  Defendant does not address how its interest in non-disclosure of the information outweighs the public interest in open courts, nor does defendant explain why redaction would be insufficient to protect any real and substantial private interests.  Accordingly, the Court overrules defendant's motion to seal.  See Helm, 656 F.3d at 1292 (parties cannot overcome presumption against sealing records simply by showing that records subject to protective order in district court).

**IT IS THEREFORE ORDERED** that defendant's Motion For Leave To File Under Seal (Doc. #55) filed October 1, 2019 is **OVERRULED**.

Dated this 9th day of October, 2019 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge